WRIT GRANTED.
Relator protests having to post a suspensive appeal bond in the amount of $136,091.96 under the provisions of La. Code Civ.Proc. art. 2124. While we acknowledge that proceedings instituted under La.Rev.Stat.Ann. 37:777 et seq. may be civil in nature, see 37:792(B), the imposition of a fine against relator on the basis of misconduct involves considerations different from those which usually apply in the case of civil money judgments. Relator is essentially in the same position as a person who has been assessed a fine following a criminal conviction, one difference being that he is not subject to imprisonment upon failure to pay the fine. The provisions of La.Code Civ.Proc. art. 2124 are designed to protect the holders of civil money judgments and do not apply in this context. Applying by analogy the rules which govern in the case of a criminal fine, relator does not have to post an appeal bond to avoid paying such fine, as well as the associated administrative costs, as long as his appeal in this matter remains pending. See La.Code Cr.Proc.Ann. arts. 886 & 911.
The trial court’s ruling that relator is not entitled to a stay, pending appeal of the judgment suspending him from the practice of dentistry, is also reversed. After reviewing the briefs submitted on the issue, including the extensive opposition submitted by the Board, we do not find sufficient evidence to support the conclusion that allowing relator to continue practicing dentistry pending appeal would constitute a threat to other interested parties or to the general public. Accordingly, the stay which was originally granted to peti *1162 tioner in 1986, prior to the legislature’s adoption of La.R.S. 37:786.1, should not have been lifted, and is therefore continued in effectd.
The court of appeal is ordered to give expedited consideration to relator’s appeal.
CALOGERO, J., dissents from the portion of this action which continues the stay in effect; otherwise he concurs.